UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| PEKIN INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO.: |
| v. ) | |
| ) | |
| WASHWORLD, INC.; JAY F. STRAUSS; ) | |
| and GREGG P. NESS, ) | |
| ) | 1:10-cv-0332 WTL-JMS |
| Defendants. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Pekin Insurance Company ("Pekin"), by counsel, for its cause of action against the Defendants, alleges and states the following:

### I.   PARTIES & JURISDICTION

**1.1**   Plaintiff, Pekin, is an Illinois insurance company with its principal place of business in Pekin, Illinois. At all times material hereto, Pekin was duly authorized to transact the business of insurance within the State of Indiana.

**1.2**   Defendant, Washworld, Inc. ("Washworld"), is an Indiana corporation with principal place of business in Orange County, Indiana.

**1.3**   Defendant, Jay F. Strauss ("Strauss") is citizen of the State of Indiana who resides in Orange County, Indiana.

**1.4**   Defendant, Gregg P. Ness ("Ness"), is a citizen of the State of Indiana who resides in Huntington County, Indiana.

**1.5**    Pekin delivered the insurance policies at issue to the named insured, Washworld, in Orange County, Indiana.

**1.6**    The alleged conduct of Washworld and Strauss at issue took place in Huntington County, Indiana.

**1.7**    The matter in controversy, exclusive of interest and costs, exceeds the sum of Seventy Five Thousand Dollars ($75,000.00).

**1.8**    Subject matter jurisdiction is vested in this Court pursuant to 28 U.S.C. §1332(a).

**1.9**    Venue lies in this Court pursuant to 28 U.S.C. §1391(a).

**1.10**    This Court has personal jurisdiction over Washworld, Strauss and Ness.

## II.    FACTS

**2.1**    Pekin incorporates herein by reference the allegations contained within rhetorical Paragraphs 1.1 through 1.10 of this Complaint.

**2.2**    On or about April 1, 2007, Pekin issued its Commercial Lines Policy No. CL0026075-C, to Crystal Clean Car Care d/b/a Eastside Carwash as the named insured, with effective dates of coverage of April 1, 2007, to April 1, 2008 (the "Policy");

**2.3**    A true and correct copy of the Policy is attached hereto as Exhibit "1", and is incorporated herein by reference.

**2.4**    On or about April 1, 2008, Pekin renewed the Policy as its Commercial Lines Policy No. CL0026075-D, issued to Wash World Carwash as the named insured, with effective dates of coverage of April 1, 2008, to April 1, 2009 (the "1st Renewal").

**2.5**    A true and correct copy of the 1st Renewal is attached hereto as Exhibit "2", and is incorporated herein by reference.

**2.6**    On or about April 1, 2009, Pekin renewed the Policy as its Commercial Lines Policy No. CL0026075-F, issued to Wash World Carwash as the named insured, with effective dates of coverage of April 1, 2009, to April 1, 2010 (the "2nd Renewal").

**2.7**    A true and correct copy of the 2nd Renewal is attached hereto as Exhibit "3", and is incorporated herein by reference.

**2.8**    When appropriate, the Policy, 1st Renewal and 2nd Renewal will be collectively referred to as the "POLICIES".

**2.9**    On or about October 15. 2009, Ness filed his "Complaint" against Washworld and Strauss in the following legal proceedings: *"Gregg P. Ness, Plaintiff, vs. Washworld, Inc. and Jay F. Strauss, Defendants"*, Cause No. 35C01-0910-CC-627, Huntington Circuit Court (the "Lawsuit").

**2.10**    A true and correct copy of the Lawsuit's Complaint is attached hereto as Exhibit "4", and is incorporated herein by reference.

**2.11**    Washworld and Strauss provided Pekin with a copy of the Complaint, and requested that Pekin defend and indemnify them under the POLICIES against the Lawsuit.

**2.12**    Pekin denied coverage for the Complaint, and declined to defend Washworld and Strauss against the Lawsuit.

**2.13**    An actual controversy exists between the parties hereto concerning whether Pekin has a duty under the POLICIES to defend Washworld and Strauss against the Lawsuit:

    (a)    Washworld and Strauss contend that Pekin has a duty under the POLICIES to defend Washworld and Strauss against the Lawsuit;

3

(b) Pekin contends that it does not have a duty under the POLICIES to defend Washworld and Strauss against the Lawsuit; and

(c) Ness has been joined in this action by virtue of his interest in the resolution of the duty to defend issue.

**2.14** An actual controversy exists between the parties hereto concerning whether Pekin has a duty under the POLICIES to indemnify Washworld and Strauss against the Lawsuit:

(a) Washworld and Strauss contend that Pekin has a duty under the POLICIES to indemnify Washworld and Strauss against the Lawsuit;

(b) Pekin contends that it does not have a duty under the POLICIES to indemnify Washworld and Strauss against the Lawsuit; and

(c) Ness has been joined in this action by virtue of his interest in the resolution of the duty to indemnify issue.

### III.   DEMAND FOR RELIEF

WHEREFORE, Pekin respectfully requests the following relief:

**3.1** That the Court declare that Pekin has no duty under the POLICIES to defend Washworld and Strauss against the Lawsuit;

**3.2** That the Court declare that Pekin has no duty under the POLICIES to indemnify Washworld and Strauss against the Lawsuit;

**3.3** Costs; and

**3.4** Such further relief as the Court deems just and proper.

SMITH FISHER MAAS & HOWARD, P.C.

MARK R. SMITH, 2115-49

SMITH FISHER MAAS & HOWARD, P.C.
7209 North Shadeland Avenue
Indianapolis, Indiana 46250
Telephone: (317) 578-1900
Facsimile: (317) 578-1330
E-Mail: msmith@smithfisher.com
Attorney for Plaintiff, Pekin Insurance Company

Q:\PEK-220\COMPLAINT DJ PEK-220.doc